NICHOLAS COUROGENIS *vs.* FRANK H. KERR.

Suffolk. March 2, 1926. — May 25, 1926.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Contract,* Performance and breach. *Landlord and Tenant,* Cash guaranty by lessee. *Practice, Civil,* Request for finding of fact, Appeal from Appellate Division of District Court.

If, contemporaneously with the delivery of a lease which had attached to it a statement in writing signed by the lessor, in substance that, in consideration of the execution of the lease, he had received $1,100 "for the punctual performance" of covenants and agreements by the

lessee and his successors, and that, "upon breach thereof and for failure" on their part "to perform any of the aforesaid covenants and agreements," the $1,100 should "be forfeited to the said lessor . . . as liquidated damages," the lessee makes the deposit, such deposit cannot be recovered in an action by the lessee against the lessor where it appears that the lessee "did not perform all the covenants and agreements to be performed by him, and that he was not evicted."

A refusal by a judge of a district court to grant requests for findings of fact, a report of such refusal to the Appellate Division, who dismissed the report, and an appeal from the decision of the Appellate Division present no question of law to this court.

CONTRACT for $1,100 alleged to be "money received by the defendant to the plaintiff's use." Writ in the Municipal Court of the City of Boston dated March 20, 1925.

Material evidence, facts found and rulings made by the judge of the Municipal Court are described in the opinion. The judge found for the defendant and reported the action to the Appellate Division, who ordered the report dismissed. The plaintiff appealed.

The case was submitted on a brief by

*J. J. Enright & D. Lasker,* for the plaintiff.

No argument nor brief for the defendant.

CROSBY, J. This is an action to recover the sum of $1,100, deposited by the plaintiff as security for the performance by him of the covenants and agreements under the terms of a written lease. The lease, dated October 1, 1924, was for the term of three years and three months from date thereof, with the privilege of renewal for an additional term of five years, the rent being payable in monthly instalments. The premises described in the lease are a "truck garage and repair shop connected therewith," it being stipulated in the lease that from November 1 to April 1 during the term heat was to be furnished by the lessor as might be required by weather conditions.

The case was tried by a judge of the Municipal Court of the City of Boston, who found that the following statement was attached to the lease: "Know all men by these presents. That in consideration of the execution of the above lease, I have this day received the sum of Eleven hundred dollars, ($1100.00) for the punctual performance by the within

named lessee and his Administrators, Executors and Assigns of all the within covenants and agreements on his part or their part to be performed or observed; and upon breach thereof and for failure on the part of the within lessee and his Administrators, Executors and Assigns to perform any of the aforesaid covenants and agreements, the said Eleven hundred dollars, ($1100.00) shall be forfeited to the said lessor, Frank H. Kerr, as liquidated damages.   Frank H. Kerr.''

The trial judge found for the defendant and in his report filed a memorandum in part as follows: ''I refuse the rulings requested by the plaintiff.   I find the plaintiff did not perform all the covenants and agreements to be performed by him, and that he was not evicted.''   The report further recites that there was evidence tending to show that the parties entered into the lease in question on October 1, 1924, and that ''Under said lease the plaintiff was to have possession of the premises . . . .   That the plaintiff then deposited with the defendant the sum of $1,100 in accordance with the written statement as signed by the defendant and attached to the said lease.''

From this recital it is plain that the trial judge found that the deposit was made contemporaneously with the execution of the lease, and not subsequently thereto as the plaintiff contends.   It thus appears that the deposit was made as a part of the original agreement of the parties and that there was a valid consideration for it.   As it was found that the plaintiff did not perform all the covenants and agreements in the lease to be performed by him, the defendant is entitled to retain the deposit as liquidated damages.

The plaintiff's first and third requests for rulings of law that he is entitled to recover and that the defendant is not entitled to retain the deposit were rightly refused.   All the other requests are for findings of fact; the judge was not required to make them, and they are contrary to the facts as found.

*Order dismissing report affirmed.*